UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER B. THOMPSON**

      **Petitioner,**

  v.                                    **Case No. 09C860**

**LARRY JENKINS**

      **Respondent.**

---

## ORDER

Christopher B. Thompson filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Kenosha County Circuit Court of substantial battery domestic violence, second degree sexual assault domestic violence and stalking- domestic abuse. He was sentenced to ten years imprisonment, ten years extended supervision, consecutive to five years probation and is currently incarcerated at Redgranite Correctional Institution. He filed this petition for habeas corpus, paying the five dollar filing fee.[1]

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer,

---

[1] Petitioner originally named the State of Wisconsin as respondent. Under Rule 2(a) of the Rules Governing Section 2254 Cases, the proper respondent is not the State of Wisconsin but rather the warden at the Redgranite Correctional Institution. Bridges v. Chambers, 425 F.3d 1048 (7th Cir. 2005). I therefore substitute the warden as respondent.

motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims denial of effective assistance of counsel because his attorney failed to request a curative instruction in response to the complaining witness' in-court statement that petitioner "was looking at her". Petitioner claims he had the right, presumably under the Sixth Amendment, to confront his accuser by looking at her and that the jury should have been instructed as such to disregard her statement.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief. Strickland v. Washington, 466 U.S. 668 (1984). In order to establish ineffective representation, petitioner must prove both incompetence and prejudice. Id. at 688. The reasonableness of counsel's performance is evaluated in light of all the circumstances, and to determine the existence of prejudice, the court examines the totality of the evidence before the jury. Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). Considering that the record is not currently before me, I cannot currently say there are no colorable constitutional issues presented.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on

the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files an answer, these copies should be sent to Sally Wellman at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 cases, copies of the petition and this order will be mailed to respondent and to the Attorney Dengeral for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707

Dated at Milwaukee, Wisconsin this 25 day of September, 2009.

/s_____
LYNN ADELMAN
District Judge

4